[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT, #108
This matter is before the court on the defendant's motion for summary judgment.
The following facts are alleged in the complaint. The plaintiffs are Cynthia Tyrell (the "minor plaintiff") and her mother, Katharina Tyrell.[1]
On July 19, 1988, the minor plaintiff was employed by the defendant, Robert L. Collingwood, in a business owned and operated by the defendant known as Curry Copy Center of Branford. On this day, the minor plaintiff was injured in the course of her employment with the defendant. The minor plaintiff was fifteen years of age at the time she was injured. The plaintiffs allege that the minor plaintiff's injuries were caused by the negligence of the defendant and the plaintiffs seek monetary damages therefor.
The defendant now moves for summary judgment on the ground that the plaintiffs are precluded from bringing this negligence action by the exclusivity provision of the Workers' Compensation Act, Conn. Gen. Stat. 31-284(a), because the minor plaintiff has accepted Workers' Compensation benefits for the injuries which are the subject of the complaint.
The pleadings are closed. The plaintiffs and the defendant have filed memoranda of law. The parties have not appended any documentation to their memoranda because only a question of law is presented. See Boulay v. Bigonesse, 3 CSCR 320, 321 (February 22, 1988, Noren, J.).
 "`Practice Book 384 provides that summary judgment "shall be rendered CT Page 8865 forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990) (citation omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984) (citation omitted).
The defendant argues that the exclusivity provision of the Workers' Compensation Act, Conn. Gen. Stat. 31-284(a), precludes the plaintiffs from bringing this negligence action because the minor plaintiff has accepted Workers' Compensation benefits for the injuries which are the subject of the complaint. General Statutes 31-284(a), provides, in pertinent part, that: "All rights and claims between employer and employees . . . arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter. . . ."
The plaintiffs argue that the illegal employment of a minor is an exception to the exclusivity of the Workers' Compensation Act. Blancato v. Feldspar Corporation, 203 Conn. 34, 37-43,522 A.2d 1235 (1987).
It is undisputed for the purposes of this motion that the minor plaintiff was illegally employed. It is also undisputed that the minor plaintiff received Workers' Compensation benefits for the injuries which are the subject of the complaint.
In Grant v. Bussman, 5 CSCR 772 (September 24, 1990, Ryan, J.), rev'd on other grounds 221 Conn. 465, ___ A.2d ___ (1992), the court held that an illegally employed minor plaintiff could not maintain a separate negligence action against the plaintiff's employer when the plaintiff elects to receive Workers' Compensation benefits. CT Page 8866
The present case is indistinguishable from Grant v. Bussman, supra. The minor plaintiff elected to receive Workers' Compensation benefits for the injuries which are the subject of the complaint. Accordingly, the plaintiffs are precluded from maintaining a separate negligence action against the defendant.
There being no genuine issues of material fact, the defendant is entitled to judgment as a matter of law and the motion for summary judgment is granted, accordingly.
MAIOCCO, J.